UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

<u>Tracy Coyne</u>,
     Plaintiff

     v.                                         Case No. 14-cv-517-SM
                                                Opinion No. 2015 DNH 070
<u>The Trustees of Dartmouth College</u>,
     Defendant

**O R D E R**

From August of 2013 through January of 2014, Dartmouth College employed plaintiff, Teresa Coyne, as an assistant lacrosse coach. After her employment was terminated, Coyne filed a three-count writ in state court, asserting that Dartmouth failed to pay her overtime wages to which she was entitled under the Fair Labor Standards Act ("FLSA"). She also advanced state common law claims for breach of contract and negligent infliction of emotional distress.

Dartmouth timely removed the case to federal court, invoking the court's federal question jurisdiction (over the FLSA claim), as well as its supplemental jurisdiction (over the common law claims). Coyne now moves the court to remand her two common law claims to state court, asserting that the court lacks supplemental jurisdiction over them. Dartmouth objects.

For the reasons discussed, Coyne's motion to remand her state law claims is denied.

**Standard of Review**

In 1990, Congress enacted 28 U.S.C. § 1367, "which granted federal courts 'supplemental jurisdiction' or what had formerly been referred to as 'pendent jurisdiction' and 'ancillary jurisdiction.'" Vera-Lozano v. International Broadcasting, 50 F.3d 67, 70 (1st Cir. 1995). Subject to certain exceptions not relevant here, section 1367 provides that:

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a) (emphasis supplied). See also 28 U.S.C. § 1441(c) (providing that if a removed civil action includes claims not within the court's original or supplemental jurisdiction, the court shall sever those claims "and shall remand the severed claims to the State court from which the action was removed"). As the party invoking the court's supplemental jurisdiction, Dartmouth bears the burden of demonstrating that such jurisdiction exists. See, e.g., Campbell

v. Gen. Dynamics Gov't Sys. Corp., 407 F.3d 546, 551 (1st Cir. 2005); Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998).

In construing the scope of federal courts' supplemental jurisdiction under § 1367, the court of appeals for this circuit has held that, "a federal court may exercise supplemental jurisdiction over a state claim whenever it is joined with a federal claim and the two claims 'derive from a common nucleus of operative fact' and the plaintiff 'would ordinarily be expected to try them both in one judicial proceeding.'"  Pejepscot Indus. Park, Inc. v. Maine Cent. R.R., 215 F.3d 195, 206 (1st Cir. 2000) (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966)). Consequently, "supplemental jurisdiction has [] been exercised where the facts underlying the federal and state claims substantially overlap or where presentation of the federal claim necessarily brings the facts underlying the state claim before the court.  Conversely, supplemental jurisdiction should not be exercised when the federal and state claims rest on essentially unrelated facts."  Chaluisan v. Simsmetal East LLC, 698 F. Supp. 2d 397, 400 (S.D.N.Y. 2010) (citations and internal punctuation omitted).

While the pertinent standard can be stated with relative ease, its application can sometimes be vexing.  This is one such case.

**Discussion**

In support of its view that the court may properly exercise supplemental jurisdiction over Coyne's state law claims, Dartmouth asserts that Coyne's claim under the FLSA substantially overlaps with her common law claims.  To resolve plaintiff's FLSA claim and determine whether she was exempt (or not exempt) from the statute's overtime provisions, a thorough analysis of her job duties and responsibilities is required.

> [T]here are three distinct types of findings involved in determining whether an employee is exempt.  First, the court must make findings concerning the so-called 'historical facts' of the case, such as determining an employee's day-to-day duties.  Second, the court must draw factual inferences from these historical facts, for instance, to conclude whether these day-to-day duties require 'invention, imagination, or talent' as required by applicable regulations.  Finally, the trial court must reach the ultimate conclusion of whether an employee is exempt, based on both historical facts and factual inferences.

Reich v. John Alden Life Ins. Co., 126 F.3d 1, 7 (1st Cir. 1997) (citations omitted).  Similarly, says Dartmouth, resolution of plaintiff's wrongful termination claims requires an examination of the nature of plaintiff's duties, how she performed them, when she performed them, and whether she performed them in a

4

satisfactory manner. Thus, it asserts that, "[b]y its very nature, plaintiff's breach of contract claim is intertwined with her FLSA claim," defendant's memorandum (document no. 7-1) at 3, and both claims arise out of a common nucleus of operative facts.

Coyne disagrees, asserting that her FLSA claim is based on facts entirely distinct from those underpinning her state law claims. In support of her position, Coyne relies primarily on an opinion from the Court of Appeals for the Third circuit, as well as several district court opinions that followed in its wake. See Lyon v. Whisman, 45 F.3d 758 (3d Cir. 1995). In Lyon, the plaintiff claimed her employer failed to pay her overtime wages, as required by the FLSA. She also brought state common law tort and contract claims, asserting that her employer failed to pay her a promised bonus and then threatened to withhold a vested bonus if she left the company. The district court exercised federal question jurisdiction over plaintiff's FLSA claim, and supplemental jurisdiction over her state common law claims. Plaintiff prevailed on all three claims at trial.

On appeal, the Court of Appeals for the Third Circuit addressed whether the district court properly exercised supplemental jurisdiction over plaintiff's state law claims,

noting that such an inquiry is, necessarily, a fact-intensive one that is unique to each case.

> The test for a "common nucleus of operative facts" is not self-evident. Indeed, in trying to set out standards for supplemental jurisdiction and to apply them consistently, we observe that, like unhappy families, no two cases of supplemental jurisdiction are exactly alike.

Lyon, 45 F.3d at 760 (citation and internal punctuation omitted). After examining the discrete facts presented in that case, the court concluded that "the only link between [plaintiff's] FLSA and state law claims is the general employer-employee relationship between the parties." Id. at 762. The court then held that "there was an insufficient factual nexus between the federal and state claims to establish a common nucleus of operative facts," id. at 760, for the district court to properly exercise supplemental jurisdiction over the state claims.

> Lyon's FLSA claim involved very narrow, well-defined factual issues about hours worked during particular weeks. The facts relevant to her state law contract and tort claims, which involved [defendant's] alleged underpayment of a bonus and its refusal to pay the bonus if Lyon started looking for another job, were quite distinct. In these circumstances it is clear that there is so little overlap between the evidence relevant to the FLSA and state claims, that there is no "common nucleus of operative fact" justifying supplemental jurisdiction over the state law claims. In fact, it would be charitable to characterize the

>  relationship of the federal and state claims as
>  involving even a "loose" nexus.  Thus, Article III bars
>  federal jurisdiction.

Lyon, 45 F.3d at 763.

There is, to be sure, support for the Third Circuit's fairly narrow interpretation of supplemental jurisdiction and section 1367.  See, e.g., Shupe v. DBJ Enterprises, LLC, 2015 WL 790451, 5-6 (M.D.N.C. 2015) ("Federal courts have been reluctant to exercise supplemental jurisdiction over state law claims and counterclaims in the context of a FLSA suit, when the only connection is the employee-employer relationship.") (citations and internal punctuation omitted).  See also Wilhelm v. TLC Lawn Care, Inc., 2008 WL 640733, at *2-3 (D. Kan. 2008) (collecting cases that "rejected the notion that the employer-employee relationship single-handedly creates a common nucleus of operative fact between the FLSA claim and peripheral state law claims").

Here, however, the court is persuaded that, on balance, there is sufficient factual overlap between plaintiff's federal and state claims to warrant the exercise of supplemental jurisdiction.  First, and perhaps most importantly, the Court of Appeals for the First Circuit has not embraced the Third Circuit's restrictive interpretation of Article III and

7

supplemental jurisdiction.  See generally, Global Naps, Inc. v. Verizon New England Inc., 603 F.3d 71, 87 (1st Cir. 2010) ("Courts and commentators have proposed a variety of possible standards for supplemental jurisdiction.  The Seventh Circuit, relying on Gibbs, held that a counterclaim need only have a 'loose factual connection' between claims to satisfy § 1367.  Scholars have proposed a variety of other boundaries.  Although we need not adopt any of these approaches, we note that all are broader than the transaction-or-occurrence test.") (citations omitted).

   Indeed, in at least one recent case, the court of appeals for this circuit concluded that supplemental jurisdiction is fairly far-reaching.  See Godin v. Schencks, 629 F.3d 79 (1st 2010).  In Godin, the plaintiff sued a school department board of directors, alleging that her employment was terminated in violation of her due process rights.  She also brought state common law defamation claims against three individual school employees.  In concluding that the district court could properly exercise supplemental jurisdiction over plaintiff's state law claims, the court of appeals held:

> While it might be questioned whether Godin's state-law claims that her job termination was caused by defamatory comments from the individual defendants arise out of the same transaction as her federal claim that the schools did not afford due process in reaching

8

> the termination decision, that is not the test. See
> Global NAPs, Inc. v. Verizon New England Inc., 603 F.3d
> 71, 88 (1st Cir. 2010) ("No Supreme Court case had ever
> established the same transaction-or-occurrence test as
> the boundary of Article III case-or-controversy
> requirement." (citing United Mine Workers v. Gibbs, 383
> U.S. 715, 725 (1966))). We conclude it would not
> offend the Constitution to assert supplemental
> jurisdiction over Godin's state-law claims.
> Accordingly, supplemental jurisdiction exists over
> Godin's state-law claims under § 1367(a).

Id. at 83. See also Brennan v. King, 139 F.3d 258, 262 (1st Cir. 1998) (in a case involving claims under the ADA and Rehabilitation Act, the district court had supplemental jurisdiction over state law claims, including one for breach of contract, because all claims arose out of a common core of operative facts and related in some way to claimant's HIV-positive status).

Other district courts presented with claims similar to those advanced in this case have held that supplemental jurisdiction exists over plaintiff's state law claims. See, e.g., Chaluisan, 698 F. Supp. 2d at 405 (distinguishing/rejecting Lyon and noting that "a thorough analysis of Plaintiff's duties and compensation package will be necessary to resolve his FLSA claims. . . . Because such an analysis will be necessary here, there is far more evidentiary overlap between Plaintiff's FLSA claims and his state common law claims [for breach of the employment contract and unjust enrichment], and it can be fairly said that

presentation of the federal claim will necessarily bring the facts underlying the state claims before the court.") (citation and internal punctuation omitted); Rivera v. Ndola Pharm. Corp., 497 F. Supp. 2d 381, 393 (E.D.N.Y. 2007) (noting that "[t]ypically, supplemental jurisdiction is appropriate for claims during the employment relationship because those claims arise from the same underlying factual basis," and holding that it had jurisdiction over both plaintiff's FLSA claim and her state sexual harassment claim).

More recently, the United States District Court for the District of Massachusetts was presented with a case involving claims for unpaid wages under the FLSA, as well as state law claims for misrepresentation, breach of contract, wrongful termination, and tortious interference with contractual relations.  See Pacheco v. St. Luke's Emergency Assocs., 879 F. Supp. 2d 136, 142 (D. Ma. 2012).  In concluding that it had supplemental jurisdiction over plaintiff's state law claims, the court held that "while the legal theories under which [plaintiff] is proceeding under federal law are distinct and do not 'derive from' the Employment Agreement, all of his claims, both federal and state - arise from a common nucleus of operative facts." Id. at 142.  In reaching that conclusion, the court reasoned as follows:

In the instant case, as in many other similar cases, Pacheco's federal employment claims "are not separate and independent from state law claims based on the same sequence of events." Riggs [v. Plaid Pantries, Inc., 233 F. Supp. 2d 1260, 1265-66 (D. Or. 2001)], and cases cited. Pacheco is complaining of the same wrongs in both his state and federal claims, the claims involve substantially the same facts, and "there will be substantial overlap in the witnesses and evidence produced for each claim." See, e.g., Saenz v. Austin Roofer's Supply, LLC, 664 F. Supp. 2d 704, 710 (W.D. Tex. 2009) (breach of contract claim and FLSA claim are not "separate and independent" under § 1441(c), and court must exercise supplemental jurisdiction over state claims where they involve a "single wrong" and "the parties will rely on substantially the same facts, namely hours worked, wages owed based on hours worked and commissions, and wages actually paid, and there will be substantial overlap in the witnesses and evidence produced for each claim.").

Obviously, Pacheco's claims under Mass. Gen. Laws ch. 149 and the FLSA for unpaid wages (Count V) and retaliation (Count VII) will involve the same nucleus of facts since they are pled together and the same facts are asserted for both the federal and state claims. See Fox, 2011 WL 1106760, at *3 (plaintiffs' unpaid wage claims and claims under the state wage act "are not separate and independent from the FLSA claims" and are based on a single injury, so that remand would be inappropriate under 28 U.S.C. § 1441(c)). The issues raised in these statutory claims are also incorporated in Pacheco's other state law claims. Thus, Pacheco's <u>fundamental contentions are that he was not paid what was promised and due him and that he was wrongfully fired</u>. These claims will necessarily involve, <u>inter alia</u>, testimony about his job responsibilities, the hours he worked, the hours for which he was paid, the amounts he was paid, the record-keeping practices of the company, and the events leading up to the termination of his employment - the same facts as his federal claims. Under such circumstances, this court finds that the claims are derived from a common nucleus of operative facts and, therefore, are not separate and independent claims. See, e.g., Lang v. DirecTV, Inc., 735 F. Supp. 2d 421,

> 427 & nn. 26 & 27 (E.D. La. 2010) (state claims alleging wrongful scheme to make improper deductions from plaintiff's pay "involve a single wrong and substantially the same facts" as plaintiff's FLSA claim; state claims were not "separate and independent" claims and would not be remanded under § 1441(c)), and numerous cases cited).

Id. at 143-44 (emphasis supplied; footnotes omitted).

Whether the court may properly exercise supplemental jurisdiction over plaintiff's state law claims is, to be sure, a nuanced question. And, because the governing legal standard is general in character, reasonable minds could certainly differ as to its proper application to the specific facts presented in this case. But, on balance, the court is persuaded that plaintiff's FLSA claim and her state common law claims are sufficiently related to vest this court with supplemental jurisdiction over those state law claims - particularly given both binding and persuasive circuit precedent on this topic. Here, as in Pacheco, resolution of both Coyne's state and federal claims will involve testimony about her job responsibilities, the hours she worked, the hours for which she was paid, the amounts she was paid, the record-keeping practices of the college, and the events leading up to the termination of her employment. That is sufficient to vest the court with supplemental jurisdiction over Coyne's state law claims.

**Conclusion**

For the foregoing reasons, as well as those set forth in defendant's memorandum (document no. 7-1), plaintiff's motion to remand her state law claims (document no. 5) is denied. Of course, merely because the court has concluded that it may properly exercise subject matter jurisdiction over plaintiff's state law claims, that does not preclude it from later declining to exercise such jurisdiction if, for example, plaintiff's FLSA claim is resolved quickly. See, e.g., Camelio v. American Fed'n, 137 F.3d 666, 672 (1st Cir. 1998); O'Connor v. Commonwealth Gas Co., 251 F.3d 262, 272-73 (1st Cir. 2001).

**SO ORDERED.**

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　Steven J. McAuliffe
　　　　　　　　　　　　　　　　　　United States District Judge

March 30, 2015

cc:   Geoffrey J. Vitt, Esq.
　　　Kathleen C. Peahl, Esq.
　　　Pierre A. Chabot, Esq.